IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RONALDO DA CUNHA LIMA,
    *Petitioner*,

v.

JEFF CRAWFORD, *et al.*,
    *Respondents*.

1:25-cv-01668-MSN-IDD

ORDER

    Petitioner Ronaldo Da Cunha Lima ("Petitioner") has filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner contends that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") (Count I); federal regulations, including 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II), and his right to due process under the Fifth Amendment (Count III).

    Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeff Crawford, the warden of that facility. He has also sued Russell Hott, the Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations; Todd Lyons, the Acting Director of ICE; Kristi Noem, the DHS Secretary; and Pamela Jo Bondi, the Attorney General (collectively, the "Federal Respondents"). The Federal Respondents have opposed the Petition. ECF 4. For the reasons that follow, the Court will grant the Petition as to Count III.[1]

---

[1] Because the Court grants relief on Petitioner's due process claim (Count III), it need not address Petitioner's claims under the INA and its regulations (Counts I and II).

### I. BACKGROUND

Petitioner is a native and citizen of Brazil who entered the United States without inspection around 2005. ECF 1 ¶¶ 41–42; ECF 4–1 ¶ 6. He is married to a United States citizen and owns a construction company. ECF 1 ¶ 1. On September 8, 2025, Petitioner was detained in Henrico, Virginia while on his way to work. ECF 1 ¶ 44; ECF 4–1 ¶ 7. That same day, DHS issued him a Notice to Appear, charging him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(6)(A)(i). ECF 4–1 at ¶ 8. On September 29, 2025, Petitioner filed a motion for custody redetermination before an Immigration Judge ("IJ"), seeking release on bond. ECF 1–2. On October 3, 2025, he filed this Petition, anticipating that the IJ would deny his request for bond pursuant to the Board of Immigration Appeals's ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF 1. After a hearing on Petitioner's motion, the IJ denied his request for bond on October 14, 2025.

### II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. Federal Respondents "recognize that several jurists of this Court have recently rejected Federal Respondents' arguments" that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF 4 at 2; *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raise these same arguments "to preserve them for appeal." ECF 4 at 3.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. ECF 4 at 7-15. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 7–8.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

---

[2] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

Because Petitioner has been present in the United States for roughly twenty years, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8, violates his right to due process.

### III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Federal Respondents shall provide Petitioner with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

October 29, 2025
Alexandria, Virginia